**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NATHANIEL HOWARD THOMAS, | ) | |
| ID # 07052-078, | ) | |
|      Petitioner, | ) | |
| vs. | ) | **No. 3:15-CV-2888-L (BH)** |
| | ) | |
| G. BASHAM , et al., | ) | **Referred to U.S. Magistrate Judge** |
|      Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow court orders.

## I.  BACKGROUND

Nathaniel Howard Thomas (Petitioner), an inmate at the Volunteers of America Perry F. Bradley Facility, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 that was received on September 3, 2015.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated September 4, 2015, he was notified that he had not used the appropriate form, and that he had not paid the filing fee or submitted a proper application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account.  (*See* doc. 4.)  Attached to the order were copies of the standard form for § 2241 petitions and IFP application.  (*Id.*)  The notice and order specifically advised Petitioner that he must file the appropriate form and either pay the filing fee or file his IFP application with the required certificate of trust account within thirty days, and that a failure to do so could result in the dismissal of his case.  *Id.*  More than thirty days from the date of the order have passed, but Petitioner has not filed the appropriate form, paid the filing fee or filed an IFP application with a certificate of inmate trust account.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Petitioner failed to file his action on the appropriate form and to pay the filing fee or file an IFP application with a certificate of inmate trust account as ordered.  Because he failed to comply with the order that he file his action on the appropriate form and to pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner files his action on the appropriate form and pays the filing fee or files an IFP application with a certificate of inmate trust account within the time for objection to this recommendation, or by some other deadline set by the Court.

**SIGNED this 2nd day of November, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3